# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER**, | : | CIVIL ACTION NO. 1:13-CV-1488 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **MR. A. GORDON**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 5th day of November, 2013, upon consideration of plaintiff's motion for recusal (Doc. 8) pursuant to 28 U.S.C. §§ 144 and 455(a), in which a judge is required to recuse himself if he has a personal bias either against a party or in favor of any adverse party, 28 U.S.C. § 144[1], and under § 455(a),[2] a judge is required

---

[1] "In evaluating a motion brought under [Section] 144, the 'test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists.'" United States v. Enigwe, 155 F. Supp.2d 365, 369 (E.D.Pa. 2001) (quoting Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976)). "As a rule, only allegations of personal bias and prejudice will suffice and the bias or prejudice must stem from an extrajudicial source." Id. (citations omitted). "Extrajudicial bias is 'bias not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings.'" Schreiber v. Kellogg, 838 F. Supp. 998, 1003 (E.D.Pa. 1993) (quoting Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. 1980) (citations omitted)). When examining the allegations, "[n]either the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." Enigwe, 155 F.Supp.2d at 370 (quoting Mims, 541 F.2d at 417) (quotation marks and citation omitted).

[2] The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

to recuse himself "[w]here he has a personal bias or prejudice concerning a party," and that the bias necessary to require recusal generally "must stem from a source outside of the official proceedings," Liteky v. United States, 510 U.S. 540, 554 (1994); Selkridae v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor) and that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky, 510 U.S. at 555, and that plaintiff seeks recusal of the undersigned based on judicial rulings that have been made in this action, and other civil actions that he has filed, concerning the imminent danger exception applicable to 28 U.S.C. § 1915(g), it is hereby ORDERED that plaintiff's motion for recusal (Doc. 8) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania